UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| DAVID BELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 04-251-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JO ANNE BARNHART, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff David Bell ("Bell") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 6 and 7] Through this action, Bell seeks to reverse the decision of an administrative law judge ("ALJ") concluding that he was not entitled to disability insurance benefits. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Bell.

I.   LEGAL STANDARD

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. §§ 404.1520(b). Second, a claimant must show that he suffers from a

severe impairment. 20 C.F.R. §§ 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. §§ 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. §§ 404.1520(f).[1]

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §§ 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone

---

[1] Pursuant to 68 Fed. Reg. 51153, 51161-62, the Commissioner has changed the lettering of the relevant Code of Federal Regulations. What was previously 20 C.F.R. § 404.1520(e) and (f) are now 20 C.F.R. § 404.1520(f) and (g), respectively.

of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of

credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). The ALJ is charged with making credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. In short, credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

### II.     PROCEEDINGS BEFORE THE ALJ

On August 11, 2003, an administrative hearing was held before ALJ Charlie Paul Andrus in Prestonsburg, Kentucky. During this hearing, the ALJ heard testimony from Bell and Anthony Michael, a vocational expert ("VE"). Thereafter, the ALJ issued a decision denying benefits to Bell. He concluded that Bell was able to perform his past relevant work as a social worker. Alternatively, the ALJ found that even if Bell could not perform his past relevant work, he retained the residual functional capacity to perform a range of light and sedentary work. [Transcript ("Tr."), p. 21, 24]

### III.    DISCUSSION

#### A.    *Treating Physician*

Bell claims that the opinions from his treating physician, Dr. Lestrange, were improperly discounted. Initially, it should be noted that while some deference is accorded the findings of treating physicians, "[u]ltimately, of course, the determination of disability is the prerogative of the Secretary, not the treating physician." *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *see also* 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2) ("We use medical sources, including your

treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments . . . your residual functional capacity . . . or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner."). Further, the "opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, and is not contradicted by substantial evidence to the contrary. The Commissioner may reject the opinion of a treating physician where good reasons are found to do so in the record." *Hare v. Comm'r of Soc. Sec.*, 37 Fed. Appx. 773, 776 (6th Cir. 2002). In the Sixth Circuit's most recent case dealing with the treating physician rule, the court noted that a treating physician's opinion can be discounted when: (1) it is not supported by medically acceptable clinical and laboratory diagnostic techniques; (2) it is inconsistent with substantial evidence in the record; (3) it does not identify the evidence supporting its finding; and (4) if it fares poorly when applying the factors listed in 20 C.F.R. §§ 404.1527(d)(2), 416.927(e)(2), which include, *inter alia*, the length and frequency of examinations, the amount of evidence used to support an opinion, the specialization of the physician, and consistency with the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

The ALJ specifically rejected Dr. Lestrange's opinion that Bell had the following restrictions: lift 10 pounds occasionally in an 8 hour work day, stand and walk 30 minutes in an 8 hour work day, sit 3 hours total in an 8 hour work day, 30 minutes without interruption; never climb or stoop; and occasionally balance, kneel and crawl. Specifically, the ALJ noted that

> [I] do[] not give controlling weight to these opinions because the degree of impairment suggested by Dr. Lestrange is not supported by his own physical examination of the claimant, by objective testing, or by the remainder of the record, but is essentially based on the claimant's subjective complaints.

[Tr., p. 22] Notably, when Dr. Lestrange examined Bell for the last time in September 1998, he concluded that Bell was able to perform work that did not require heavy lifting or extended standing. And, at that time, Dr. Lestrange opined that Bell could perform light duty work with the additional restrictions of lifting no more than 15 pounds, no repetitive bending, stooping, squatting, and no prolonged standing, walking or sitting. Noting these extreme differences in opinion, the ALJ discounted Dr. Lestrange's more restrictive limitations on Bell's abilities. The ALJ properly considered the relevant factors in evaluating the opinion of a treating source, including support for the opinion in the treating source's notes and support for the opinion in the overall record, and accordingly discounted Dr. Lestrange's conclusions. Further, ALJs are not required to consider the source of a medical opinion in calculating a claimant's RFC or whether the claimant is ultimately disabled. 20 C.F.R. §§ 404.1527(e)(1)-(3), 416.927(e)(1)-(3). The ALJ considered Dr. Lestrange's conclusions and gave good reasons for discounting them.

    B.    *Listing 1.04*

The relevant portions of Listing 1.04 provide that:

**1.04 Disorders of the Spine** (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by

> sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . . .

20 C.F.R. pt. 404, Subpt. P, app. 1, § 1.04.

In support of this argument, Bell relies on the previous argument that the opinions of his treating physician were improperly disavowed. As discussed *supra*, the ALJ was within his discretion when he discounted the opinions of Dr. Lestrange.

    C.    *Information Presented to the VE / Improper Hypothetical*

Bell also argues that the ALJ's hypothetical to the VE was improper because it did not include all of the limitations contained in Dr. James Templin's May 2, 2003, report. In *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235 (6th Cir. 2002), the Sixth Circuit reversed the Commissioner's denial of benefits because a faulty hypothetical question did not accurately describe the claimant's abilities. As the Court noted, hypothetical questions posed to VEs for the purpose of determining whether a claimant can perform other work should be a complete and accurate assessment of the claimant's physical and mental state which should include an "accurate portrayal of her individual physical and mental impairments." *Id.* at 239; *Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987); *Myers v. Weinberg*, 514 F.2d 293, 294 (6th Cir. 1975).

Where a hypothetical question fails to describe accurately the claimant's physical and mental impairments, the defect can be fatal to the VE's testimony and the ALJ's reliance on it. An ALJ, however, is not required to restate verbatim a medical report to a VE in order to accurately state a claimant's relevant impairments. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). Thus, the central question is not whether the hypothetical question posed to the VE

recounts all of the medical findings, impairments and conditions, but whether it is a fair, complete and accurate summation regarding the claimant's abilities and overall mental and physical state, based upon the available evidence and testimony. *See Foster v. Halter*, 279 F.3d 348, 356 (6th Cir. 2001); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Felinsky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994); *Davis v. Sec'y of Health & Human Services*, 915 F.2d 186, 189 (6th Cir. 1990); *Higgs*, 880 F.2d at 863; *Varley*, 820 F.2d at 779. Moreover, merely because a claimant was diagnosed with a condition does not mean such diagnoses must be included in a hypothetical. The medical evidence must support such a diagnosis and must support a finding that the diagnosis causes functional debilitation. *Id*.

The Sixth Circuit recently addressed Bell's argument that the hypothetical to the VE was deficient because it did not list all of his ailments. In *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629 (6th Cir. 2004), the court held that

> there is some confusing language in *Howard* that could conceivably be viewed as requiring that hypothetical questions include lists of claimants' medical conditions. However, we conclude that, given the facts present in *Howard*, that language is not part of its holding, nor can it be so construed if *Howard* is to be read to be consistent with the holdings of our prior decisions.

*Id*. at 631-32. Thus, an ALJ is *not* required to present an exhaustive list of a claimant's medical conditions to the VE in his hypothetical. As the *Webb* court noted,

> [t]he vocational expert's testimony is directed solely to whether, given a claimant's age, experience, and education, *along with the ALJ's assessment of what she "can and cannot do,"* there exist a significant number of employment opportunities for her in the regional and national economies. The vocational expert is not expected to evaluate the claimant's medical conditions in making this determination. Indeed, vocational experts are not required to have any medical training, so any evaluation of medical evidence they perform would be outside their area of expertise.

*Id*. at 633 (emphasis added).

Here, the relevant hypothetical to the VE contained the following restrictions: "[l]et's assume that we have an individual who is limited to light work who needs to have an opinion to sit or stand at one-half hour intervals. Who can never climb ladders, ropes, scaffolds, can occasionally climb stairs, crouch or crawl. Eliminate work requiring work at heights or around dangerous machinery or subjecting the back to vibration." [Tr., p. 397] He later asked to VE to assume that this hypothetical individual had the "claimant's age, education and work history." [Tr., p. 398] These limitations were contained in the ALJ's first hypothetical to the VE and were the limitations relied upon by the VE when he opined that Bell could perform his prior work as a social worker and other light and sedentary jobs. As discussed in *Webb*, such limitations were sufficient to impart the relevant medical information to the VE and allowed the VE to offer an informed opinion regarding Bell's ability to find employment.

### IV. CONCLUSION

The ALJ's opinion is supported by substantial evidence. Accordingly, it is hereby **ORDERED** as follows:

(1) Claimant's Motion for Summary Judgment [Record No. 6] is **DENIED**;

(2) The Commissioner's Motion for Summary Judgment [Record No. 7] is **GRANTED**; and

(3) The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 5th day of July, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge